ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
MATTHEW P. LANE (State Bar No. 265845)
Special Assistant United States Attorney
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-6117
Facsimile: (213) 894-7327
Email: Matthew.Lane@usdoj.gov

Attorneys for Defendant
Danforth Austin

FILED
10 SEP 30 PM 1:38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LARRY KLAYMAN, an Individual,

Plaintiff,

v.

DANFORTH AUSTIN, an individual, and DOES 1 through 25, inclusive,

Defendants.

No. CV CV10 7306 MMM VBKx

NOTICE OF REMOVAL OF CIVIL ACTION

[28 U.S.C. §§ 1442(a) and 2679(d)(2)]

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PLAINTIFF:

Pursuant to the provisions of 28 U.S.C. §§ 1442(a) and 2679(d)(2), defendant Danforth Austin, ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to this Honorable Court. The grounds for this removal are as follows:

1. Plaintiff filed a Complaint on or about August 27, 2010, in the Los Angeles Superior Court. A copy of the Complaint, Case No. LC090963, and all other pleadings received to date

are attached hereto as Exhibit 1. The Complaint alleges, among other things, that as a result of Defendant's actions, Plaintiff suffered damages in an unspecified amount. The Complaint further alleges that Defendant was acting within the course and scope of his employment at the time of the incidents alleged therein.

2. This action is one which must be removed to this Court pursuant to 28 U.S.C. § 1442(a) in that Defendant is an officer of an agency of the United States, or a person acting under said officer. Defendant is entitled to, among other things, the federal defenses of sovereign immunity and the failure to meet and exhaust administrative claim requirements. Further, the state court has no jurisdiction over the Defendant for the incidents alleged in this action.

3. This action is also one which must be removed to this Court pursuant to 28 U.S.C. § 2679(d)(2) in that Defendant was acting within the course and scope of his employment with the United States of America at all times material to the allegations contained in the Complaint. A duly executed Certification of the United States Attorney, attesting to the foregoing, is attached hereto as Exhibit 2. This Court has original jurisdiction over civil actions for money damages for injury allegedly caused by the act or omission of an employee of the United States which purportedly occurred within the course and scope of employment. 28 U.S.C. § 1346(b). Additionally, this Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

4. Removal is timely because Defendant received a copy of the Complaint, if at all, less than thirty days ago. Removal is also timely under 28 U.S.C. § 2679(d)(2) in that trial of Case No. LC090963 has not yet commenced.

5. This notice is being filed on behalf of Defendant and no bond is required under the terms of 28 U.S.C. § 2408 and 28 U.S.C. § 2679(d)(2).

///

///

///

///

///

WHEREFORE, the Defendant removes this action now pending in the Superior Court of the State of California, County of Los Angeles, Case No. LC090963 to the United States District Court for the Central District of California.

DATED: September 30, 2010.

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

MATTHEW P. LANE
Special Assistant United States Attorney

Attorneys for Defendant
Danforth Austin

Larry Klayman
In Properia Persona
c/o 5779 Rolling Road
Woodland Hills, Ca. 91367
Phone: 310-595-0800

ORIGINAL FILED
Northwest District
AUG 2 7 2010
LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES - LIMITED JURISDICTION**

LARRY KLAYMAN, an Individual,

Plaintiff,

vs.

DANFORTH AUSTIN, an individual, and DOES 1 through 25, inclusive,

Defendants.

Case No: LC090963

COMPLAINT FOR:

**1. Tortious Interference with Business Relationship and Legal Representation Agreement**

**2. Interference with Attorney-Client Relationship And Prospective Economic Advantage**

**COMES NOW** Plaintiff, LARRY KLAYMAN, an individual (hereafter "Plaintiff") and alleges as follows:

**PARTIES**

1. Plaintiff is an licensed attorney. Plaintiff is appearing pro per before this Court in the State of California.

2. Defendant DANFORTH AUSTIN ("Defendant") is an individual who, on information and belief, is and at all times herein mentioned was employed by the Broadcasting Board of Governors (hereafter "BBG" or "VOA").

3. The true names and capacities, whether individual, corporate or associate, or otherwise, of the Defendants named herein as Does one through 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure, Section 474, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief, alleges that all defendants sued herein as Does are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.

4. At all times herein mentioned, each of the Defendants, including the defendants named as Doe herein, was the agent, principal, employee, employer, representative, servant, joint venturer and co-conspirator of each of the remaining Defendants, either actually or ostensibly, and in doing the things mentioned herein acted within the course and scope of such agency, employment, joint venture and/or conspiracy.

**VENUE**

5. The acts sued upon herein occurred as a result of Defendant Austin's actions which took place in Los Angeles County, California (Van Nuys), and the legal services provided, which are the subject matter of this litigation were provided by Plaintiff in Los Angeles County, California.

6. Venue is also proper in this county because Plaintiff does business from here in Los Angeles County due his client residing here, and because events giving rise to this action occurred in this Los Angeles County.

7. The transactions and obligations herein set forth are not subject to the provisions of Civil Code Sections 1812.10 and 2984.4.

**FACTS COMMON TO ALL ALLEGATIONS**

8. In or about January 2010, Elham Sataki (hereafter "Sataki") hired Plaintiff and his law firm to represent Sataki in a series of cases related to issues connected with her employment at Voice of America ("VOA"), including among other things, sexual harassment, retaliation, and discriminations issues.

9. Defendant Austin is the Director of VOA.

10. Sataki's legal claims arose out of her employment at VOA and on behalf of Sataki (who lives in Los Angeles County California, more specifically in Encino, California) Plaintiff brought several legal actions.

11. Plaintiff is, and at all times relevant herein referenced has been, the counsel of record for Sataki in the various cases Plaintiff brought on behalf of Sataki and is counsel of record before the Office of Civil Rights of VOA, which is conducting a government investigation of Sataki's claims.

12. Despite knowledge of the attorney-client relationship between Plaintiff and Sataki, and the fact that Plaintiff and Sataki had submitted notice that Plaintiff was and is her legal counsel, defendants sought and did communicate with Ms. Sataki without Plaintiff's knowledge and/or consent, for the purpose of exerting undue influence on her, since Defendants know that Sataki is mentally and physically disabled and heavily medicated, to induce Sataki to dismiss civil legal actions against VOA and its managers.

13. Thus, Defendants, without the involvement of Plaintiff who is and was at all times relevant herein Sataki's counsel of record, unduly influenced Sataki, mislead and deceived Sataki who was suffering from severe depression, and anxiety and was physically and mentally incapacitated as a result of being on strong medication and whose judgment was impaired. This has caused damage to Plaintiff and his client, and tortiously interfered in the attorney-client relationship.

**FIRST CAUSE OF ACTION**

**(Against All Defendants for Tortious Interference with Contract)**

14. Plaintiff hereby re-alleges and incorporates by reference paragraphs one through 13, inclusive, of this Complaint as though fully set forth herein.

15. By engaging in the above-mentioned conduct, Defendants intended to, and did, interfere with said relationship.

16. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial.

17. Defendants engaged in the foregoing conduct with oppression, fraud or malice, and acted wantonly, willfully and with reckless indifference to the rights of others, thereby entitling Plaintiff to an award of exemplary damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(Against All Defendants for Interference with Attorney-Client Relationship And Prospective Economic Advantage)**

18. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1-17, above, inclusive, as though fully set forth herein.

19. By engaging in the above-mentioned conduct, Defendants intended to, and did, interfere with said relationship. Specifically, Defendants deprived Plaintiff of the benefit of that relationship.

20. Defendants' interference with the attorney-client relationship between Plaintiff and Sataki and Defendants' interference with Plaintiff's prospective economic advantage as a result of that interference was improper and resulted in damages to Plaintiff the exact amount of which will be proven at trial.

21. Defendants unlawfully interfered with the Sataki-Plaintiff attorney-client relationship and Plaintiff's prospective economic advantage from that relationship.

22. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, the exact amount which will be proven at trial.

23. Defendants acted for the purpose of causing Plaintiff to suffer financial loss, loss of reputation and good will and is guilty of oppression, justifying an award of exemplary and punitive damages, pursuant to California Civil Code § 3294.

**WHEREFORE**, Plaintiff prays for relief as follows that:

1. Judgment be entered in Plaintiff's favor against Defendants as to the Complaint for Damages;

2. Plaintiff be awarded compensatory damages in an amount according to proof;

3. Plaintiff be awarded prejudgment interest at the highest applicable legal rate;

4. Plaintiff be awarded punitive damages as a result of Defendants' willful acts;

5. For attorneys' fees incurred herein as provided by law and under Plaintiff's attorney -client relationship with Sataki;

6. For costs of suit incurred herein; and

7. Such other and further relief as the Court finds just and proper.

Dated: August 25, 2010

By: ______________________

Larry Klayman
In Properia Persona

CERTIFICATION OF THE UNITED STATES ATTORNEY

I, André Birotte Jr., United States Attorney for the Central District of California, pursuant to the provisions of 28 U.S.C. §2679(d), and by virtue of the authority vested in me by the Attorney General of the United States of America under 28 C.F.R. § 15.4(a), hereby certify as follows:

1. I have read the Complaint in Larry Klayman v. Danforth Austin, No. LC090963; and

2. On the basis of the information now available to me with respect to the incidents referred to in the Complaint, defendant Danforth Austin was acting within the course and scope of his employment with the United States at all times material to such alleged incidents.

DATED:

ANDRÉ BIROTTE JR.
United States Attorney
Central District of California



EXHIBIT 2

**PROOF OF SERVICE BY MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On **September 30, 2010**, I served:

**NOTICE OF REMOVAL OF CIVIL ACTION**

on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: **September 30, 2010**. Place of mailing: Los Angeles, California.

**Person(s) and/or Entity(s) to Whom mailed:**

Larry E. Klayman
5779 Rolling Road
Woodland Hills, CA

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **September 30, 2010** at Los Angeles, California.

OLIVIA ROMERO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV10- 7306 MMM (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| LARRY KLAYMAN, AN INDIVIDUAL | DANFORTH AUSTIN, AN INDIVIDUAL, AND DOES 1 THROUGH 25, inclusive |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>5779 Rolling Road<br>Woodland Hills, CA 91367<br>(310) 595-0800 | Attorneys (If Known)<br>Andre Birotte Jr., U.S. Attorney<br>Leon W. Weidman, AUSA, Chief, Civil Division<br>Matthew P. Lane, SAUSA, Room 7516, Federal Building, 300 North Los Angeles Street, Los Angeles, CA (213) 894-6117 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. SECTIONS 1442(a) AND 2679 (d)(2)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10 7306

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____________________

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____________________

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 09/30/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |