UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-07306 MMM (VBKx) | Date | January 3, 2011 |
|---|---|---|---|

| Title | *Larry Klayman v. United States, et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:   **Order Granting Defendant's Motion to Dismiss[4]**

## I. PROCEDURAL HISTORY

On August 27, 2010, Larry Klayman, an attorney licensed in the State of Florida and appearing *pro se* in this court, filed this action in Los Angeles Superior Court.[1] Plaintiff originally named Danforth Austin as a defendant.[2] On September 30, 2010, the case was removed to this court under 28 U.S.C. §§ 1442(a) and 2679(d)(2) because Austin is an officer of an agency of the United States government, and, at all times material to plaintiff's allegations, was acting in the course and scope of his employment.[3] On October 7, 2010, defendant filed a motion to dismiss the action for

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Sept. 30, 2010), Exh. 1 (Complaint).

[2] Klayman named Danforth Austin as defendant. At the request of the United States Attorney for the Central District of California, who filed a duly executed certification that Austin was acting in the course and scope of his employment at all times relevant to the incidents alleged in the complaint, the court corrected the caption on October 13, 2010, substituting the United States of America as defendant. (See Order Correcting Caption, Docket No. 7 (Oct. 15, 2010).)

[3] Removal at 2. 28 U.S.C. § 2679(d)(2) provides, in pertinent part: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the

lack of subject matter jurisdiction, alleging that plaintiff had failed to exhaust his administrative remedies before filing suit.[4]  Plaintiff has not opposed the motion.

## II. FACTUAL BACKGROUND

The complaint alleges that, in or about January 2010, Elham Sataki hired plaintiff to represent Sataki in a series of employment discrimination cases against her employer, Voice of America ("VOA").[5]  VOA is an international multimedia broadcasting service funded and overseen by the Broadcasting Board of Governors ("BBG"), a federal agency.[6]  Plaintiff asserts that he is, and at all times relevant to this action was, Sataki's counsel of record before VOA's Office of Civil Rights; he alleges that this office is currently investigating Sataki's claims.[7]  Plaintiff alleges that, despite knowledge of the attorney-client relationship, Danforth Austin, VOA's Director, communicated with Sataki without his knowledge or consent.[8]  He contends that Austin knew that his client is mentally ill, physically disabled, and heavily medicated, and that Austin communicated with her in order to "exert[ ] undue influence [over] her."[9]

The complaint states two claims: (1) tortious interference with a contractual business relationship, and (2) interference with the attorney-client relationship and prospective economic advantage.[10]  Plaintiff seeks compensatory and punitive damages from the United States in an unspecified amount, as well as prejudgment interest and costs of suit.[11]

The complaint does not allege that plaintiff has filed an administrative tort claim with the BBG,

---

place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

[4]Motion to Dismiss for Lack of Jurisdiction ("Motion"), Docket No. 4 (Oct. 7, 2010).

[5]Complaint, ¶ 8.

[6]Motion at 4.

[7]Complaint, ¶ 11.

[8]*Id.*, ¶¶ 11-13

[9]*Id.*, ¶ 12.

[10]*Id.*, ¶¶ 14-23.

[11]*Id.* at 4-5.

and defendant contends he has not done so.[12]

### III. DISCUSSION

    A.    **Plaintiff's Failure to File Opposition**

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA CD L.R. 7-12. Because plaintiff failed to oppose defendant's motion by the deadline set forth in the Local Rules,[13] the court could, under Rule 7-12, grant the motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (holding, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion"). Nonetheless, the court reviews the merits of defendant's motion below

    B.    **Standard For Dismissal Under Rule 12(b)(1)**

A party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See *Thornhill Publishing Co. v. General Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979) (facial attack); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992) (challenge based on extrinsic evidence). There is an important difference between Rule 12(b)(1) motions that attack a complaint on its face and those that rely on extrinsic evidence. In ruling on the former, courts must accept the allegations of the complaint as true. See *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), aff'd., 56 F.3d 1177 (9th Cir. 1995). In deciding the latter, courts may weigh the evidence presented, and determine the facts in order to evaluate whether they have power to hear the case. See *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). See also *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) ("Usually, a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining whether it has jurisdiction over a claim"). Here, the United States has proffered the sworn declaration of April Bennett Cabral, an Assistant Attorney General in the BBG's Office of General Counsel. The court will consider this

---

    [12]Motion at 4; Exh. 1(Declaration of April Cabral ("Cabral Decl."), ¶ 6).

    [13]Local Rule 7-19 requires that all opposition papers be filed at least fourteen days prior to the hearing date. CA CD L.R. 7-9.

evidence in evaluating defendant's motion.

### C. The FTCA's Administrative Claim Requirement

By enacting the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., the United States waived its sovereign immunity for certain actions sounding in tort. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). The Act allows claimants to sue the government in district court provided they first give the appropriate federal agency an opportunity to resolve the claim. 28 U.S.C. § 2675(a). 28 U.S.C. § 2675(a) provides that no tort action shall be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and [his] claim shall have been finally denied by the agency in writing. . . ." 28 U.S.C. § 2675(a). This requirement is jurisdictional in nature and may not be waived.[14] See, e.g., *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir. 1995)*; McNeil v. United States*, 508 U.S. 106, 110 (1993); *Jerves*, 966 F.2d at 519.

To satisfy the claims filing requirement of the FTCA, a plaintiff must give the appropriate federal agency "written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. § 14.2(a). A claimant has two years from the date a claim accrues to present it to the agency. Suit must be filed within six months after the date of mailing of a notice of final denial of the claim by the agency. 28 U.S.C. § 2401(b).

### D. Plaintiff Does Not Allege That He Has Filed an Administrative Claim

Plaintiff does not allege that he has complied with the claims filing requirement. Defendant, moreover, offers sworn testimony that he has failed to do so.[15] Accordingly, the court lacks subject matter jurisdiction to adjudicate this claims plaintiff asserts in this action. See *Gartner v. Securities*

---

[14]Section 2675(a) provides:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a).

[15]Cabral Decl., ¶ 6.

*and Exchange Commission*, 913 F.Supp. 1372, 1381 (C.D. Cal. 1995) ("Exhaustion of administrative remedies should be alleged in the complaint or the court may dismiss the complaint for lack of jurisdiction"); see also *McNeil*, 508 U.S. at 111 ("The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text.  As of March 6, 1989, petitioner had neither presented his claim to the Public Health Service, nor had his claim been 'finally denied' by that agency.  As the Court of Appeals held, petitioner's complaint was filed too early").

### IV. CONCLUSION

Because plaintiff does not allege that he has exhausted his administrative remedies under the FTCA, the court dismisses plaintiff's complaint without prejudice.  Plaintiff may file an amended complaint within 20 days of the date of this order alleging that he has satisfied the administrative claim filing requirement.  If he is unable to do so, the court will dismiss the action without prejudice.  Plaintiff can then refile the action if he is able to present a timely claim to the BBG providing "written notification of [the] incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death."